UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO : 07-80912 CIV-HOPKINS

JOHN WAJCMAN and CHARLES
ASHMORE, on behalf of themselves
and all others similarly situated,

     Plaintiffs,

v.

INVESTMENT CORPORATION OF
PALM BEACH, d/b/a/ PALM BEACH
KENNEL CLUB, a Florida Corporation,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's Order of January 12, 2009, Defendant, INVESTMENT CORPORATION OF PALM BEACH, d/b/a/ PALM BEACH KENNEL CLUB, by and through its undersigned counsel, hereby gives notice of filing proposed jury instructions.

### Certificate of Service

I HEREBY CERTIFY that on this 9th day of February, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is also being sent via U.S. Mail this day to: **Chad E. Levy, Esquire**, Law Offices of Levy & Levy, P.A., 300 Southeast 13th Street, Ft. Lauderdale, Florida 33316 and **Christopher J. Whitelock, Esquire**, Whitelock & Associates, P.A., 300 Southeast 13th Street, Ft. Lauderdale, Florida 33316.

FitzGerald Mayans & Cook, P.A.
NorthBridge Centre, Suite 900
515 North Flagler Drive
P.O. Box 3795
West Palm Beach, FL 33402
(561) 832-1667 (Telephone)
(561) 832-8678 (Facsimile)

*/s/Gregory D. Cook for*
E. COLE FITZGERALD, III
Florida Bar Number: 177789
fitzgerald@fmc-lawfirm.com
GREGORY D. COOK
Florida Bar Number: 708496
Cook@fmc-lawfirm.com
LYNN G. HAWKINS
Florida Bar Number: 500704
lgh@twmi.rr.com

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case  By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you  the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits "

**Transcripts Not Available**.  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**.  On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking - Permitted**.  If you would like to take notes during the trial you may do so On the other hand, of course, you are not required to take notes if you do not want to  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get

so involved in notetaking that you might become distracted from the ongoing proceedings   Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or

other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiffs will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiffs' "case in chief." When the Plaintiffs finish (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiffs may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiffs proceed first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiffs (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements

Authority: *Pattern Jury Instructions (Civil Cases)*, (11th Cir. 2005) Preliminary Instructions Before Trial.

GRANTED  _____

DENIED       _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

### Introduction

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the Jury Room and begin your discussions - what we call your deliberations.

Authority: *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Basic Instruction 1.

GRANTED _____

DENIED _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

### Consideration Of The Evidence

### Duty To Follow Instructions (Corporate Party Involved)

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make   "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.   The law makes no distinction between the weight you may give to either direct or circumstantial evidence

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts   It is your own recollection and interpretation of

the evidence that controls.

<u>Authority</u>:  *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Basic Instruction 2.2.

GRANTED  _____

DENIED      _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

### Credibility Of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

<u>Authority</u>: *Pattern Jury Instructions Civil Cases*, (11th Cir  2005) Basic Instruction 3.

GRANTED _____

DENIED _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

### Impeachment Of Witnesses

### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority: *Pattern Jury Instructions Civil Cases*, (11th Cir 2005) Basic Instruction 4 1.

GRANTED  _____

DENIED        _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

### Expert Witnesses

### General Instruction

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Authority: *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Basic Instruction 5.1.

GRANTED _____

DENIED _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

### All Available Witnesses or Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case

Authority: *Federal Jury Practice and Instructions, 5th Edition,* §105.11, All Available Witnesses or Evidence Need Not Be Produced.

GRANTED _____

DENIED       _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

### Use of Deposition Evidence

During the trial, certain testimony has been presented by way of depositions  The depositions consisted of sworn recorded answers to questions asked of the witnesses in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, in so far as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority: *Federal Jury Practice and Instructions, 5th Edition,* §105.02, Use of Deposition As Evidence.

GRANTED _____

DENIED      _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

### Burden Of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Authority: *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Basic Instruction 6.2.

GRANTED _____

DENIED     _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

### Fair Labor Standards Act - Overview of the Issues

This is a civil action brought by the Plaintiffs against the Palm Beach Kennel Club under the Fair Labor Standards Act (the "FLSA"), the federal law that governs the payment of wages.

Plaintiffs are current and former poker dealers for the Palm Beach Kennel Club. They claim that the Palm Beach Kennel Club failed to pay them the applicable minimum wage because they were required to contribute a portion of their tips to a cardroom tip pool that they allege was invalid under federal law. The Plaintiffs claim that the cardroom tip pool is illegal because it includes floor supervisors who, the Plaintiffs allege, do not work in positions that "customarily and regularly receive tips."

Defendant Palm Beach Kennel Club maintains that the Plaintiffs were paid in accordance with applicable law that permits employers to pay tipped employees, like the poker dealers, a direct hourly wage that is less than the regular minimum wage by using a "tip credit" of as much as $3.02 per hour. Under Federal law, the employer may use this "tip credit" if the employee receives at least the amount of the credit in tips; in other words, the employee's direct hourly wage, plus tips, must equal or exceed the regular minimum wage.

The Palm Beach Kennel Club asserts that its cardroom tip pool is valid because the floor supervisors who participate in the cardroom tip pool perform important customer service functions and have customer interaction. Additionally, the Palm Beach Kennel Club asserts that its cardroom tip pool is valid because the floor supervisors in other Florida cardrooms also customarily and regularly receive tips, further evidencing that floor supervisors are in positions that "customarily and regularly receive tips."

<u>Authority</u>: Joint Pre-Trial Stipulation; Plaintiffs' Complaint; Defendant's Answer and Defenses to Plaintiffs' Complaint

GRANTED _____

DENIED      _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

### Fair Labor Standards Act - General

In order to prevail on their claim under the Fair Labor Standards Act (the "FLSA"), the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

First:  That each of them was employed by the Defendant Palm Beach Kennel Club during the time period involved;

Second:  That the Plaintiffs were engaged in commerce or in the production of goods for commerce or were employed by an enterprise engaged in commerce or in the production of goods for commerce;  and

Third:  That the Defendant failed to pay each of them the minimum wage required by applicable law

The parties have agreed to the relevant dates each of the Plaintiffs was employed and those dates will be provided to you  The parties have also agreed that the Plaintiffs were engaged in commerce or in the production of goods for commerce or were employed by an enterprise engaged in commerce or in the production of goods for commerce  Therefore, the only element for your consideration is the third element of whether the Defendant Palm Beach Kennel Club failed to pay each of the Plaintiffs the minimum wage required by applicable law.

Authority:  *Pattern Jury Instructions Civil Cases*, (11th Cir  2005) Instruction 1.7 1 (modified).

GRANTED _____ ___

DENIED      _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

### Fair Labor Standards Act - Applicable Minimum Wage

In order to prevail, each Plaintiff must prove by a preponderance of the evidence that the Defendant failed to pay him or her a minimum wage under applicable law.

The Fair Labor Standards Act permits employers to pay a lower direct hourly wage to a tipped employee by using a "tip credit." A "tipped employee" is defined in the FLSA as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." The Plaintiffs agree that each of them is a "tipped employee" under the Fair Labor Standards Act.

By law, a tip credit of $3.02 is allowed if the "tipped employee" receives enough tip money, when added to the employee's direct hourly wage, to meet the applicable minimum wage. The Plaintiffs and Defendant agree that at all relevant times the Palm Beach Kennel Club has paid the Plaintiffs a direct hourly wage that, when added to the $3.02 tip credit, met the applicable minimum wage requirement.

Authority:  *29 U.S.C. §203(m); 29 U.S.C. §203(t);* Joint Pre-Trial Stipulation; Plaintiffs' Complaint; Defendant's Answer and Defenses to Plaintiffs' Complaint.

GRANTED _____

DENIED      _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

### Fair Labor Standards Act - Tip Pooling

The Fair Labor Standards Act specifically authorizes mandatory tip-sharing arrangements. These tip-sharing arrangements are commonly referred to as tip pools, and the law allows employers to require a contribution of up to 15% of an employee's tips to a valid tip pool. Plaintiffs agree that they contributed a percentage of their tips to the Palm Beach Kennel Club cardroom tip pool. Initially, the required contribution was 5%, later changed to 7.5%.

The Plaintiffs claim that the cardroom tip pool at the Palm Beach Kennel Club was not valid under the Fair Labor Standards Act, and that the Palm Beach Kennel Club was therefore not allowed to apply a tip credit, because the floor supervisors should not have been included in the tip pool. In order to prove their claim that the cardroom tip pool is invalid, Plaintiffs must prove by a preponderance of the evidence that the floor supervisors were not engaged in an occupation in which they customarily and regularly receive tips.

For an employee to be considered as an individual who customarily and regularly receives tips, the employee does not have to receive tips directly from customers. It is sufficient that he/she receives tips from the cardroom tip pool.

In determining whether the floor supervisors are engaged in an occupation in which they customarily and regularly receive tips, it is necessary to examine the floor supervisors' overall duties, as well as the extent of their customer interaction. If floor supervisors have more than minimal customer interaction and perform important customer service functions, they may participate in a mandatory tip pool.

Even if employees such as floor supervisors have only minimal customer interaction, they may still participate in a mandatory tip pool if their primary duties include important customer

service functions.

In determining whether the floor supervisors at the Palm Beach Kennel Club are engaged in an occupation in which they customarily and regularly receive tips, you may consider whether floor supervisors in other Florida cardrooms customarily and regularly receive tips. The existence of industry custom can be considered together with customer interaction and customer service functions in determining whether they are eligible to participate in a valid tip pool.

Authority:  *29 U.S.C. §203(m); 29 U.S.C. §203(t); 29 C.F.R. §531.54; Roussell v. Brinker International, Inc.*, No H-05-3733, Memorandum and Order dated July 9, 2008 (S.D.Tex. 2008); *Kilgore  v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 301 (6th Cir. 1998)*, reh'g and suggestion for reh'g en banc denied* (6th Cir. 1998); *Lentz v. Spanky's Restaurant*, 491 F. Supp. 2d 663, 671 (N.D.Tex. 2007); *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 801-03 (E.D.Ark. 1990);   Joint Pre-Trial Stipulation; Plaintiffs' Complaint; Defendant's Answer and Defenses to Plaintiffs' Complaint.

GRANTED  _____

DENIED      _____

MODIFIED  _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

### Damages - Effect of Instruction

If you find that one or more of the Plaintiffs have proven their claim, then you must consider the question of damages.

The fact that I will instruct you as to the proper measure of damages does not mean that I am of the opinion that one or more of the Plaintiffs is or is not entitled to recover any damages in this case. I am expressing no opinion on that subject one way or the other. Instructions as to the measure of damages are given for your guidance in the event that you find in favor of one or more of the Plaintiffs on the question of liability, by a preponderance of the evidence, in accordance with my other instructions.

Authority: *Bray v. Safeway Stores, Inc.,* 392 F. Supp. 851, 866, *Cause dism'd,* 403 F. Supp. 412 (N.D. Cal. 1975).

GRANTED _____

DENIED       _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

### Fair Labor Standards Act - Damages

If you find that one or more Plaintiffs has proven by a preponderance of the evidence that the cardroom tip pool at the Palm Beach Kennel Club was invalid under the Fair Labor Standards Act, then you may determine an amount that is fair compensation for damages

The measure of damages for Plaintiffs' claim that Defendant violated the Fair Labor Standards Act because the cardroom tip pool was invalid is the amount of tips that the Plaintiffs contributed to the cardroom tip pool that was distributed to the floor supervisors. Plaintiffs contributed 5% of their tips to the tip pool, which increased to 7.5% on August 1, 2007. The tip pool amounts were then distributed among hostesses, cashiers and floor supervisors. Plaintiffs are not disputing the tips that were distributed to the hostesses and cashiers, only the amount of tips distributed to the floor supervisors so it is only the amount of tips that was distributed to the floor supervisors that should be awarded as damages to the Plaintiffs. You should not include any tips Plaintiffs earned from October 4, 2004 to June 3, 2006 dealing tournaments as the Palm Beach Kennel Club paid the Plaintiffs the full minimum wage for those hours and did not claim a tip credit.

Authority: *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Instruction 1.7.1 (modified).

GRANTED _____

DENIED _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

### Fair Labor Standards Act - Statute of Limitations

If you determine that a Plaintiff is entitled to recover damages, you may not award any damages incurred more than two years before the particular Plaintiff filed a notice of consent to join this action. However, if you determine that the violation was "willful" you may award damages incurred within three years from the time the particular Plaintiff filed a notice of consent to join this action.

A violation of the Fair Labor Standards Act is "willful" if the employer knew, or showed reckless disregard for whether the pay practice at issue violated the Fair Labor Standards Act. Merely acting negligently or unreasonably is insufficient to establish willfulness. The burden is on the Plaintiffs to prove by a preponderance of the evidence that any violation by the Defendant under the Fair Labor Standards Act was willful.

Authority: *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Instruction 1.7.1 (modified); 29 U.S.C. §255(a); 29 U.S.C. §256; *Allen v. Board of Public Education for Bibb County*, 495 F.3d 1306 (11th Cir. 2007); *Letcher v. Crawford Indus. Group*, LLC, 2007 WL 1521520 (M.D. Fla. 2007); *Gottlieb v. Construction Services & Consultants, Inc.*, 2006 WL 5503644 (S.D. Fla. 2006)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

### Attorneys Fees and Court Costs

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. The matter of attorney's fees and court costs will be decided later by the Court.

Authority:  *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Supplemental Damages Instructions 6.1.

GRANTED _____

DENIED      _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17

### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Basic Instruction 7.1.

GRANTED _____ ___

DENIED _____

MODIFIED _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

### Election of Foreperson

### Explanation of Verdict Form

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Authority: *Pattern Jury Instructions Civil Cases*, (11th Cir. 2005) Basic Instruction 8.

GRANTED _____

DENIED _____

MODIFIED _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80912 CIV-HOPKINS

JOHN WAJCMAN and CHARLES
ASHMORE, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

INVESTMENT CORPORATION OF
PALM BEACH, d/b/a/ PALM BEACH
KENNEL CLUB, a Florida Corporation,

Defendant.

_____/

## **VERDICT**

(As to Dealers' Claim of Violation of Fair Labor Standards Act against Palm Beach Kennel Club)

We, the jury, return the following Verdict:

With respect to Plaintiff Dealers' claim against the Palm Beach Kennel Club that the tip pool violated the Fair Labor Standards Act

**1.     Do you find that the floor supervisors at the Palm Beach Kennel Club had more than minimal customer interaction with customers?**

YES_____

NO_____

If your answer to question 1 is YES, your verdict is for PALM BEACH KENNEL CLUB, and you should not proceed further with respect to this verdict form except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is NO, please answer

question 2.

2.      Do you find that the floor supervisors at the Palm Beach Kennel Club's primary duties entailed some important customer service functions?

YES_____ ____

NO_____ ____.

If your answer to question 2 is YES, your verdict is for PALM BEACH KENNEL CLUB, and you should not proceed further with respect to this verdict form except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is NO, please answer question 3.

3.      Do you find that the floor supervisors at the Palm Beach Kennel Club were engaged in an occupation in which they customarily received tips either directly from customers or through a tip pool?

YES_____ ____

NO_____ ____

If your answer to question 3 is YES, your verdict is for PALM BEACH KENNEL CLUB, and you should not proceed further with respect to this verdict form except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is NO, please answer question 4.

4.      Do you find that the Palm Beach Kennel Club failed to pay the plaintiff dealers

the minimum wage required by law?

YES_____

NO_____

If your answer to question 4 is NO, your verdict is for PALM BEACH KENNEL CLUB, and you should not proceed further with respect to this verdict form except to date and sign this verdict form and return it to the courtroom. If your answer to question 4 is YES, please answer question 5.

5.      Do you find that the Palm Beach Kennel Club knew that it was violating the Fair Labor Standards Act or acted in reckless disregard of the Fair Labor Standards Act and thus willfully violated the Act when it failed to pay the plaintiff dealers the minimum wage required by law?

YES_____

NO_____

SO SAY WE ALL, this _____ day of _____, 2009.

_____
Foreperson