UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: Case No.07-80912-Civ-Hopkins

JOHN WAJCMAN and CHARLES
ASHMORE, on behalf of themselves
and all others similarly situated,

                              Plaintiffs,

v.

INVESTMENT CORPORATION OF
PALM BEACH, d/b/a/ PALM BEACH
KENNEL CLUB, a Florida Corporation,

                              Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR NEW TRIAL AND TO VACATE LIQUIDATED DAMAGES AWARD (DE 152)

        This action was tried by a jury before the undersigned, and the jury rendered a verdict on March 5, 2009. (DE 133).[1] With its verdict, the jury concluded that Defendant operated an illegal tip pool under the Fair Labor Standards Act ("FLSA") and that Plaintiffs were entitled to additional wages. Using the parties' stipulated method for computing the additional wages due, the Court concluded that Defendant owed Plaintiffs $66,603.13 in overdue wages. (DE 149). Although the jury also concluded that Defendant did not willfully violate the FLSA, the Court found that Defendant failed to satisfy its burden of establishing a good faith defense and that, therefore, Plaintiffs were also entitled to liquidated damages in the amount of $66,603.13. (DE 149). The Court entered judgment accordingly on May 15, 2009. (DE 150).

_____

        [1] The parties consented to magistrate judge jurisdiction over the trial pursuant to 28 U.S.C. 636(c).

On May 29, 2009, Defendant filed the instant Motion for Judgment as a Matter of Law or, in the alternative, for a New Trial. (DE 152). In its motion, Defendant states that the Court should enter judgment in its favor because no reasonable jury could conclude that the floor supervisors were not in an occupation that customarily and regularly received tips. In the alternative, Defendant seeks a new trial, alleging that the Court committed various errors during the trial, which necessitate the relief sought.

Specifically, Defendant contends that a new trial is warranted because the verdict is against the great weight of the evidence and because the Court erred in:

> (1) precluding evidence that floor supervisors customarily and regularly participate in industry tip pools;
>
> (2) rejecting a stipulated jury instruction and substituting its own "customer expectation" language;
>
> (3) allowing Plaintiffs to present "emotional" testimony about the tip pool being unfair while precluding testimony that Defendant took less than the statutory maximum allowable from Plaintiffs' tips; and
>
> (4) permitting Plaintiffs' counsel to give personal opinions in his closing argument.

(DE 152).

Finally, Defendant claims that even if the Court does not enter judgment in its favor or order a new trial, the Court should vacate the liquidated damages award because it is "irreconcilable" with the jury's verdict that Defendant did not willfully violate the FLSA. (DE 152).

Plaintiffs filed response papers to the motion on June 19, 2009 (DE 158) and Defendant filed its reply on July 2, 2009 (DE 167). This matter is now ripe for the Court's review.

## BACKGROUND

Plaintiffs initiated this collective action alleging that Defendant violated the FLSA while Plaintiffs were employed as poker dealers in Defendant's cardroom. Specifically, Plaintiffs claimed that Defendant violated the FLSA by mandating their participation in a tip pooling scheme, whereby the poker dealers were required to share their tips with the cardroom floor supervisors. According to Plaintiffs, the cardroom floor supervisors should not have been included in the tip pool because they did not have significant interaction with the customers and did not normally receive tips.[2] The jury found in favor of Plaintiffs and concluded that Defendant's tip pool was invalidated by the inclusion of the floor supervisors.

On February 23, 2009, one week before the start of trial, the Court issued an order granting Plaintiffs' Motion *in Limine* to preclude certain testimony from some of Defendant's proposed witnesses. (DE 119). According to Defendant, these witnesses, who were employees at other local cardrooms, would testify about the floor supervisors' level of customer interaction at their facilities, as well as the industry custom of including floor supervisors in cardroom tip pools. The Court found that while the level of customer interaction engaged in by Defendant's floor supervisors was relevant to the issue before the jury, testimony regarding the amount of customer interaction engaged in by floor supervisors at other cardrooms was not relevant. *See Wajcman v. Investment Corp. of Palm Beach*, 2009 WL 465071, *3 (S.D. Fla. Feb. 23, 2009). Similarly, the Court declined to allow witnesses who worked at other cardrooms to testify about the industry's custom of including floor

---

[2] Under the FLSA, a tip pool is valid only if all of the participating employees are those that "customarily and regularly receive tips." 29 U.S.C. § 203(t). If tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a "tip credit," which allows the employer to pay its employees less than the minimum wage. 29 U.S.C. § 203(m).

supervisors in tip pools.[3]   Finally, relying on the Code of Federal Regulations and the legislative history of the FLSA, the Court concluded that the jury could consider the customer's expectation regarding which employees would partake of his tip as one of several factors in evaluating whether the floor supervisors were properly included in the tip pool.  *Id.* at *4.

Two days after issuing its decision on Plaintiffs' Motion *in Limine*, the Court conducted a pre-trial conference with counsel.  The Court's decision was discussed at length, but at no time did defense counsel specifically object to the Court's ruling or seek an adjournment of the trial.  Indeed, the Court directly asked defense counsel whether, in light of its evidentiary rulings, he would move to delay the trial, but defense counsel declined, stating, "I'm pretty optimistic that we can put our case together and meet the standards identified . . . [s]o I don't presently see any need for us to move to continue the case or move to re-open discovery . . ."  (DE 122 at page 37).

At the conclusion of evidence, and before the case was submitted to the jury, Defendant moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a), claiming that no reasonable jury could find that Plaintiffs had established a violation of the FLSA based on the evidence presented.  *See* March 4, 2009 Trial Transcript at page 623 (DE 144).  Specifically, Defendant claimed that Plaintiffs had failed to present evidence that the floor supervisors did not regularly and customarily receive tips.  *Id.* at pages 624-625.  Defendant also claimed that Plaintiffs had failed to present evidence showing that Defendant had recklessly disregarded the law or that it violated the FLSA willfully.  *Id.* at pages 626, 632.  The Court denied Defendant's motion.  *Id.* at page 642.

Thereafter, the Court conducted a series of conferences with counsel regarding the jury

---

[3]  The Court noted that reliance on an industry custom to prove its lawfulness was tantamount to allowing the industry to dictate the legality of its own practices.  *See Wajcman*, 2009 WL 465071 at *3.

charge.  Much of the discussion focused on the wording of Jury Instruction No. 11, which advised

the jury of the various factors it could consider in deciding whether Defendant's floor supervisors

were "tipped employees" within the meaning of the FLSA, and thus, properly included in the tip

pool.  Although counsel had stipulated to certain language, the Court found that their agreed upon

instruction did not accurately reflect the law, or the Court's prior rulings in the case, and modified

the charge accordingly.  Ultimately, the Court's Instruction No. 11 was given to the jury as follows:

> In determining whether the floor supervisors are engaged in an occupation in which they customarily and regularly receive tips, it is necessary to examine the floor supervisors' overall duties, as well as the extent of their customer interaction and whether customers expect them to receive tips.  You may consider whether the floor supervisors have more than minimal customer interaction and perform important customer service functions, in determining whether they may participate in a mandatory tip pool.  You should consider both the quantity and the quality of the customer interaction.

> Even if employees such as floor supervisors have only minimal customer interaction, they may still participate in a mandatory tip pool if their primary duties include important customer service functions.

> The existence of industry custom can be considered together with customer interaction and customer service functions in determining whether they are eligible to participate in a valid tip pool.

(DE 134).  Defense counsel objected to the Court's exclusion of language that tips the floor

supervisors received by virtue of their participation in the tip pool, could be considered by the jury

in evaluating whether the floor supervisors "customarily and regularly received tips."  (DE 145 at

pages 698-703, 727-730).  However, defense counsel did not specifically object to the inclusion of

language regarding the customer's expectation.[4]

---

[4] Plaintiffs' counsel did object to the "customer expectation" language, but only based on Defendant's purported failure to present trial evidence sufficient to warrant its inclusion.

## DISCUSSION

Judgment as a matter of law is appropriate when a party has been fully heard on an issue and a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Ledbetter v. Goodyear Tire and Rubber Co., Inc*., 421 F.3d 1169, 1177 (11th Cir. 2005)(*citing* Fed. R. Civ. P. 50(a)(1)). When presented with such a motion, the court must "consider all the evidence in the light most favorable to the nonmoving party, and . . . determine whether the facts and inferences point so overwhelmingly in favor of the movant that reasonable people could not arrive at a contrary verdict." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290,1308 (11th Cir. 1998)(*quotations and citations omitted*). The court must also be mindful not to usurp the jury's authority over factual determinations. As the Eleventh Circuit has noted, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). To deny a Rule 50 motion, the court should find that there is "substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1347 n. 5 (11th Cir. 2007).

If a party makes a motion for judgment as a matter of law under Rule 50(a) at the close of evidence and prior to the submission of the case to the jury, but the motion is denied by the Court, the moving party may renew the motion within ten days after entry of judgment. *See* Fed. R. Civ. P. 50(b). However, it is well settled that any arguments raised in a post-trial motion under Rule 50(b) must have been raised during the trial in a Rule 50(a) motion. The Eleventh Circuit has held that

6

> A motion for judgment as a matter of law shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment. This motion can be renewed after trial under Rule 50(b), but a party cannot assert grounds in the renewed motion that it did not raise in the earlier motion. The rule protects the non-moving party's right to cure deficiencies in the evidence before the case is submitted to the jury. The moving party cannot ambush the court and opposing counsel after the verdict when the only remedy is a completely new trial.

*Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1245 (11th Cir. 2001).

In renewing a Rule 50(a) motion for judgment post-trial, the movant may also seek a new trial under Rule 59. *See* Fed. R. Civ. P. 59(b). *See also Denton v. DaimlerChrysler Corp.*, 2009 WL 2244254, *2 (N.D. Ga. July 24, 2009)(the considerations governing the resolution of such motions are analogous, although the showing a moving party must make to obtain a new trial is "less arduous" than that required by Rule 50).

A motion for a new trial under Rule 59 should be granted only when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001). A new trial may be ordered for "evidence improperly admitted, prejudicial statements by counsel, an improper charge to the jury or newly discovered evidence." *Deas v. PACCAR, Inc.*, 775 F.2d 1498, 1504 (11th Cir. 1985). *See also Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1081 (11th Cir. 2003)(recognized grounds for a new trial include the claim that there were substantial errors in admission or rejection of evidence or instructions to the jury). A new trial is warranted only where error has caused substantial prejudice to the affected party. *See Peat, Inc. v. Vanguard Research*, 378 F.3d 1154, 1162 (11th Cir. 2004).

7

**I.  Defendant's Motion for Judgment as a Matter of Law**

At the outset, Defendant appears to argue that it is entitled to judgment as a matter of law under Rule 50(b) for two distinct reasons.  First, Defendant reiterates the argument raised in its Rule 50(a) motion that "no reasonable jury could conclude that the floor supervisors were not in an occupation that customarily and regularly received tips."  (DE 152 at page 2).  *See also* March 4, 2009 Trial Transcript at page 623-25 (DE 144).  However, with the instant motion, Defendant also alleges, for the first time, that "no reasonable jury could have found that the floor supervisors did not 'have more than minimal customer interaction and perform important customer service functions.'" (DE 152 at page 16).  This second argument is factually and legally distinct from the argument raised in Defendant's Rule 50(a) motion.  Notably, Defendant does not cite to any portion of the transcript of its Rule 50(a) motion to show that this second argument was raised at trial.  Rather, in its reply papers, Defendant asserts that its Rule 50(a) motion encompassed both arguments and to interpret it otherwise would be "too narrow."  (DE 167 at page 9).

It is well settled that the factual and legal bases for a Rule 50(a) motion must be specific and clearly put the opposing party and the Court on notice.  *See Lynch v. City of Boston*, 180 F.3d 1, 13 n. 9 (1st Cir. 1999)("requirement for such articulation is intended to prevent unfair surprise and provide the responding party with an opportunity to correct any deficiencies in her proof")(*citation omitted*).  Failure to specify the grounds for the motion with "sufficient certainty" will preclude the movant from raising such grounds in a post-trial Rule 50(b) motion.  *Id.*  Here, the Court finds that Defendant's Rule 50(a) motion did not specifically raise a customer interaction/customer service argument and thus, it is not properly before the Court in the instant post-trial motion.  *See St. Luke's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1210, n.35 (11th Cir. July 9,

2009)("[i]f a party asserts new grounds in its renewed motion for judgment as a matter of law that it did not assert in its initial motion for judgment as a matter of law, a court may not rely on the new grounds to set aside the jury's verdict")(*citation omitted*); *United Nat. Ins. Co. v. Aon Ltd.*, 2009 WL 2245373, *5 (E.D. Pa. July 24, 2009)(where transcript of oral Rule 50(a) motion revealed "no clear notice" of issue presented subsequently in Rule 50(b) motion, court found movant was barred from presenting it post-trial).

In any event, the Court finds that even if the argument had been preserved, there was sufficient evidence adduced at trial such that "reasonable and fair-minded persons" could conclude that the floor supervisors in Defendant's cardroom, who were primarily responsible for supervising the other employees on the floor, had only minimal customer interaction and did not perform important customer service functions such that they were properly included in the tip pool.[5] As for Defendant's renewed argument that "no reasonable jury could conclude that the floor supervisors were not in an occupation that customarily and regularly received tips," the Court disagrees and finds that the evidence presented at trial provided a legally sufficient basis for the jury's verdict. Therefore, Defendant's motion for judgment as a matter of law under Rule 50(b) is denied. *See Watcher v. Pottsville Area Emergency Medical Services, Inc.*, 248 Fed. Appx. 272, 280 (3rd Cir. 2007)(trial court's denial of Rule 50(b) motion affirmed because the evidence "did not fall below the quantum required to sustain the jury's verdict").

---

[5] Indeed, this Court concluded as much in its Order awarding liquidated damages. *See Wajcman,* 620 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009)("the bulk of the evidence before this Court suggests that the floor supervisors in Defendant's cardroom had only *de minimus* customer interaction.").

9

## II.  Defendant's Motion for a New Trial

### A.  Weight of the Evidence

In considering Defendant's contention that a new trial is necessary because the jury's verdict is against the great weight of the evidence presented at trial, this Court is mindful that a "trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow" and is limited to "protect[ing] against manifest injustice in the jury's verdict." *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1559 (11th Cir. 1984).

The Eleventh Circuit has stated that:

> A judge should grant a new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.  Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence.

*Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir. 2001)(*internal citations omitted*).  "The judge must protect against manifest injustice in the jury's verdict, but it is not his role to assess credibility where conflicting testimony has been presented during the trial. Instead, the judge must defer to the jury on the weight to be given to each witness's testimony." *Peer v. Lewis*, 2008 WL 2047978, *17 (S.D. Fla. May 13, 2008)(*citing Hewitt*, 732 F.2d at 1558-59).

Here, Defendant contends that a new trial is warranted because "[l]ooking at the evidence as a whole . . . certainly the great weight of it indicates that the floor supervisors were part of the customer service team."  (DE 152 at page 17).  Even assuming this statement were true, it is utterly insufficient to establish that the jury's verdict was against the great weight of the evidence.  The floor

supervisors' participation in the cardroom's "customer service team" is not disputed, but neither is

it the pertinent inquiry.  Rather, it is the nature and involvement of the floor supervisor's role on that

team, among other considerations, that is determinative of their status as a tipped employee or not.

Given the substantial evidence adduced at trial to support the jury's conclusion that the floor

supervisors should not have been categorized as "tipped employees" and were not properly included

in the tip pool, there is no reason for this Court to disturb its verdict.  _____

   **B.  Evidence Regarding Industry Custom**

   Defendant's primary argument for a new trial stems from its claim that the Court erred in

precluding evidence and argument that: (1) an employee's inclusion in a tip pool is sufficient

evidence to establish that the employee customarily and regularly receives tips, and (2) it was the

custom of local cardrooms to include floor supervisors in their tip pools.

   As noted above, these issues were first addressed by this Court in its Order granting

Plaintiffs' Motion *in Limine*.  There, the Court explained the "circularity problem of allowing an

employer to argue that an employee may participate in a tip pool because he 'customarily and

regularly' receives tips as a member of the tip pool."  *Wajcman v. Investment Corp. of Palm Beach*,

2009 WL 465071, *4, n.2 (S.D. Fla. Feb. 23, 2009).  In that decision, the Court also held that the

industry's custom could not be used to prove that its inclusion of the floor supervisors in the tip pool

was proper.  The Court's rulings on these issues remained consistent throughout the trial and the

Court further explained its rationale in its decision awarding liquidated damages.  *See Wajcman,* 620

F. Supp. 2d at 1360-61.  Defendant has presented nothing in its Motion for a New Trial to convince

11

the Court that its rulings were in error or that a new trial is warranted.[6]  *See Hicks v. Battle,* 2008 WL

150676, *3 (M.D. Ga. Jan. 14, 2008)(where plaintiff's evidentiary complaints were "argued and

addressed" in context of pre-trial motion *in limine*, court denied motion for new trial, standing by

its earlier rulings).  *See also Aerospace Marketing, Inc. v. Ballistic Recovery Systems, Inc.*, 2005 WL

2290252, *1 (M.D. Fla. Sept. 19, 2005)(Rule 59 should not be used "merely to relitigate old issues

already decided")(*citing Ramos v. Boehringer Manheim Corp.*, 896 F.Supp. 1213, 1214 (S.D. Fla.

1994)).

### C.  Customer Expectation Test

Next, Defendant argues that the Court erred in ruling that the patron's expectation is relevant

to the analysis of whether an employee constitutes a "tipped employee" under the FLSA, and in

modifying the jury charge to include such language.  According to Defendant, the Court simply

"created the test out of whole cloth" and without "any precedent in the case law or regulations or

legislative history . . ."  (DE 152 at page 5, DE 167 at page 1).  Defendant contends that "the only

case authority" addressing the issue deemed the customer expectation test to be "unworkable because

of, among other things, the 'near impossibility of being able to determine the intent of departed

diners in leaving a tip.'"  *See* Defendant's Motion (DE 152 at page 6)(*quoting Louie v. McCormick*

*& Schmick Restaurant Corp.,* 460 F. Supp. 2d 1153, 1160 (C.D. Cal. 2006)).

---

[6]  To the extent Defendant relies on the Department of Labor's Field Operations
Handbook to support its position that evidence of industry custom should have been permitted,
such is unavailing.  "The Supreme Court has squarely held that positions taken solely in
enforcement manuals, such as the Field Operations Handbook, are not entitled to '*Chevron*-style
deference.'"  *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 369 F.3d 797, 801 (4th
Cir. 2004).  Indeed, "[b]y the Department of Labor's own account, the Handbook is 'not used as
a device for establishing interpretative policy.'"  *Id.* at n.5 (*quoting* Field Operations Handbook,
Foreword at 1).

As an initial matter, the Court notes that Defendant's reliance on *Louie* is misplaced because it involved an interpretation of California Labor Code §351, which is distinguishable from the FLSA. *See Etheridge v. Reins International California, Inc.,* 91 Cal. Rptr. 3d 816, 829-830 (Cal. Ct. App. 2009)("the requirements of the FLSA are wholly distinguishable from the requirements of Labor Code section 351"). Moreover, Defendant's position is undermined by the existence of other, more recent cases where courts have found the customer's expectation to be highly relevant in interpreting §351. Indeed, one court recently stated that

> [u]ltimately, the decision about which employees are to participate in the tip pool must be based on a reasonable assessment of the patrons' intentions. It is, in the final analysis, the patron who decides to whom the tip is to be "paid, given to or left for." It is those intentions that must be anticipated in deciding which employees are to participate in the tip pool.

*Budrow v. Dave & Buster's of California*, 90 Cal. Rptr. 3d 239, 245 (Cal. Ct. App. 2009). *See also Chau v. Starbucks Corp.,* 94 Cal. Rptr. 3d 593, 606 (Cal. Ct. App. 2009)(court relied on undisputed evidence of customers' intent in leaving tips to conclude there was no violation of §351).[7]

In any event, the Court stands by its earlier ruling that the customer's expectation is a relevant component in the analysis of who qualifies as a "tipped employee." The Court's decision is supported by case law, the legislative history of the FLSA and the federal regulations.[8]

---

[7] *See also Lu v. Hawaiian Gardens Casino, Inc.,* 88 Cal. Rptr. 3d 345 (Cal. Ct. App. 2009)(court addressed the significance of a customer's intent and expectation in the context of casino tipping), *review granted and opinion superseded by,* 207 P.3d 506 (Cal. 2009).

[8] Unlike the DOL's Field Operations Handbook, which is not entitled to judicial deference, the Code of Federal Regulations is entitled to judicial deference (*see Phath v. U.S. Atty. Gen.,* 2009 WL 1515761, *2 (11th Cir. June 2, 2009)), and, notably, the relevant regulation is consistent with the Court's use of a customer expectation test. It describes the "general characteristics of tips" as being "determined solely by the customer, [who] generally [] has the right to determine who shall be the recipient of his gratuity." 29 C.F.R. § 531.52.

Moreover, contrary to Defendant's assertion, the Court did not rule that "customer expectations were to govern whether an employee was in an occupation that customarily received tips . . ." (DE 152 at page 7).  Rather, the Court held that the customer's expectation was simply one of several relevant factors for the jury to consider, including the employee's level of customer interaction and proof that the employee actually received tips.

As noted above, at no time following the Court's decision that it would implement the customer expectation test did Defendant seek a continuation of the trial to conduct additional discovery or retain an expert.  In fact, defense counsel explicitly declined a continuation when the Court inquired.  Thus, Defendant's belated assertion that the Court's ruling "just one week before the first day of trial [] greatly limited Defendant's options," rings hollow.  *See United States v. Pritchard*, 973 F.2d 905, 908, n.3 (11th Cir. 1992)(defendant waived objection to sufficiency of notice where he declined district court's offer of a continuance).

Defendant also asserts that a new trial is necessary because the Court's modification of Jury Instruction No. 11 was in error.  However, a "motion for a new trial cannot be based on alleged errors in the instructions . . . when no corresponding objections were raised at trial." *Givens v. O'Quinn*, 447 F. Supp. 2d 593, 601 (W.D.Va. 2006).  Here, Defendant did not specifically object to the Court's incorporation of the customer expectation test into Instruction No. 11 and thus, such argument is not properly before the Court at this stage.

In any event, a jury instruction is only erroneous if it "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994).  *See also Pathways Psychosocial v. Town of Leonardtown*, 223 F. Supp. 2d 699, 707 (D. Md. 2002)(court can set aside the verdict and grant a new trial "only if the erroneous instruction

14

is prejudicial and would result in a miscarriage of justice"). Here, to the extent Defendant did object to the Court's modification of the charge to exclude language that tips received from the tip pool could be considered in determining whether an employee "customarily and regularly received tips," the Court rejects Defendant's assertion that such was error. The charge as modified by the Court accurately reflected the law and the Court's prior rulings, and thus, a new trial is not warranted. *See Gilbert v. Southern Shuttle Services Inc.*, 2009 WL 1851126, *1 (S.D. Fla. June 29, 2009)(court rejected defendant's motion for a new trial based on claim that jury instruction"added elements" not required by law, finding instruction was based on statute and case law, and thus, it was "legally correct"). *See also Phillips v. Morbark, Inc.*, 519 F. Supp. 2d 591, 598 (D S.C. 2007)(court denied motion for new trial where court found jury instructions, "taken as a whole, adequately stated and informed the jury of the controlling law").

### D.  Emotional Testimony

Defendant contends that the Court erred in "allow[ing] Plaintiffs to inject emotional issues to appeal to the passions of the jurors." (DE 152 at page 9). Specifically, Defendant claims that plaintiffs' counsel should not have been permitted to argue in his opening statement that the tip pool was implemented because the floor supervisors "were upset" that the dealers made "more money than their own bosses" and that the Defendant "took money from the dealers . . . rather than from the casino's own money." (DE 142 at page 110). Notably, defense counsel did not object to these statements at the time they were made, and thus, the Court need not review them in the context of a post-trial motion for a new trial. *See Pace v. National R.R. Passenger Corp.*, 291 F. Supp. 2d 93, 97 (D. Conn. 2003)(courts need not review issues set forth as bases for a new trial pursuant to Rule 59 for which no timely objection was raised at trial).

15

Defendant also claims that Plaintiffs should not have been allowed to testify regarding their reasons for bringing the lawsuit, namely, that they were upset and felt wronged by the floor supervisors' inclusion in the tip pool. According to Defendant, such testimony was irrelevant and "highly prejudicial" because it allowed Plaintiffs to "paint a mean picture" of Defendant. (DE 152 at pages 9-10). Defendant contends that the prejudice was compounded by the Court's exclusion of testimony that Defendant took less of the dealers' daily tips than the amount allowed by law. Finally, Defendant alleges that the Court failed to conduct a fair trial because as the trial progressed "[t]he playing field just got more and more tilted." (DE 152 at page 10).

Again, defense counsel did not object at trial to any of the testimony Defendant now claims to be "highly prejudicial." *See* Trial Transcript (DE 142 at page 194, 214; DE 143 at page 307). Accordingly, the issue is unpreserved for review. As for the single instance where defense counsel did object to a Plaintiff testifying about his belief that the tip pool was illegal, defense counsel's objection was sustained by the Court. (DE 143 at page 295-96).

With regard to Defendant's claim that the Court erred in precluding testimony about the percent of dealer tips collected by Defendant, the Court stands by its ruling that such testimony was irrelevant to the issue before the jury, and therefore, properly excluded.

Finally, Defendant's allegations that the Court deprived it of a fair trial are unsupported by the record and devoid of merit. *See Hicks,* 2008 WL 150676 at *3 (accusations that the court conducted an unfair trial were "vague, unsubstantiated . . . unsupported by the record, and certainly not grounds for a new trial").

### E.  Closing Arguments

Defendant's final basis for seeking a new trial stems from statements plaintiffs' counsel made in his closing argument.  Defendant contends that plaintiffs' counsel improperly vouched for his clients and "inject[ed] his personal beliefs" during his closing.

"A district court has wide discretion to regulate the scope of argument. For reversible error to be found in closing argument, the challenged argument must be plainly unwarranted and clearly injurious." *Rosa v. City of Fort Myers,* 2008 WL 398975, *3 (M.D. Fla. Feb. 12, 2008)(*citing Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261 (11th Cir. 2008).  "The standard for determining whether a jury verdict should be set aside as a result of misconduct of counsel is whether the conduct was 'such as to impair gravely the calm and dispassionate consideration of the case by the jury.'" *Rosa*, 2008 WL 398975 at *3 (*quoting BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1474 (11th Cir. 1992).  *See also Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 278 (5th Cir. 1998)(court must determine whether, taken as a whole, the allegedly improper comments prejudiced the jury's findings).

Here, nearly all of the statements Defendant contends constituted objectionable vouching occurred in Plaintiffs' rebuttal argument, and amounted to only two of counsel's twenty-eight-paged closing argument.  (DE 145 at pages 765-66).  In response to defense counsel's objection, the Court conducted a sidebar conference, wherein the Court advised plaintiffs' counsel that "you can't bolster your client's case with statements that 'I have a responsibility to seek the truth.'  There are other ways to refute the testimony.  That's not one of them."  (DE 145 at page 768).  The Court asked defense counsel what type of remedy he sought, bearing in mind that the Court had given defense counsel "considerable latitude" during his closing argument, which included "several objectionable

things," such as misstating the law twice, even after being corrected by the Court.  (DE 145 at pages 768-69).  Defense counsel responded, "if you're suggesting maybe we shouldn't give an instruction on that, as long as he doesn't do anymore, I'm fine, Judge."  (DE 145 at page 769).

It is worth noting that defense counsel evidently did not find these statements so prejudicial as to request a cautionary instruction.  *See Williams v. Paint Valley Local School Dist.*, 2003 WL 21799947, *8 (S.D. Ohio July 16, 2003)(where counsel did not request cautionary instruction in response to purported attorney vouching, court denied motion for a new trial).  In any event, the Court finds that in the grand scheme of plaintiffs' counsel's argument, these brief misstatements were not so injurious as to warrant a new trial.  *See Davis v. General Acc. Ins. Co. of America*, 153 F. Supp. 2d 598, 604 (E.D. Pa. 2001)(court found that a few "isolated, insignificant, off-the-cuff comments regarding the truthfulness of these witnesses did not influence the decision of the jury"). *See also Alholm v. American Steamship Co.*, 144 F.3d 1172, 1181-82 (8th Cir. 1998)(new trial not warranted despite claims that counsel "personally vouched for the credibility of his client, appealed to the local prejudices of the jury, and made an ad hominem attack on defense counsel");  *In re Air Crash Disaster*, 86 F.3d 498, 524-26 (6th Cir. 1996)(even though counsel's closing comments vouched for his clients truthfulness, court's denial of motion for new trial was affirmed because in the "big picture" they were not unfairly prejudicial);  *Brandt v. Magnificent Quality Florals Corp.*, 2009 WL 899915, *2 (S.D. Fla. March 31, 2009)(even though court found closing argument improper because counsel made personal attacks on opposing counsel, expressed rage at Plaintiffs for bringing a frivolous case, and used improper language, court concluded that such comments

18

viewed in the totality of the case did not warrant a new trial).[9]

### III. Defendant's Motion to Vacate Liquidated Damages Award

Defendant contends that the Court's award of liquidated damages should be vacated because it is "inconsistent with the jury's finding that Defendant did not willfully violate the FLSA." (DE 152 at page 17).

Defendant's motion fails to identify the federal rule which entitles it to an order vacating the liquidated damages award. For purposes of this motion, the Court will assume that Defendant relies on Fed. R. Civ. P. 60(b), which gives the Court the power to "vacate or set aside a 'final judgment, order, or proceeding' in certain enumerated situations when 'such action is appropriate to accomplish justice.'" *Tundell v. Merck & Co., Inc.*, 2008 WL 2385508, *1 (N.D. Fla. June 9, 2008)(*citing* Fed. R. Civ. P. 60(b); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). However, even assuming that Defendant is operating under Rule 60(b), the motion fails to cite to any of the six enumerated reasons provided in the rule as a basis for vacating the Court's award of liquidated damages. *See* Fed. R. Civ. P. 60(b). Nor has Defendant alleged any of the three bases required for granting a motion for reconsideration, namely: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Kowallek v. Prestia*, 2008 WL 1968793, *1 (S.D. Fla. May 6, 2008)(*citation omitted*). *See also Muegge v. Heritage Oaks Gulf and Country Club*, 2007 WL 1035131, *1 (M.D. Fla. April 3, 2007)(even if

---

[9] Given that the Court rejects Defendant's claims regarding the individual errors purportedly committed during the trial, the Court also rejects Defendants' claim that their cumulative effect warrants a new trial. *See Cabrera v. Boto Co., Ltd.*, 2007 WL 3333479, *6 (M.D. Fla. Nov. 7, 2007)(court concluded that "no single ground, nor all grounds viewed in their totality, provides a persuasive basis for granting a new trial").

court construed motion as one for reconsideration, plaintiff failed to set forth a sufficient basis for court to reconsider its order awarding fees).

In any event, the Court's finding that Defendant did not establish a good faith defense so as to avoid liquidated damages does not run afoul of the jury's finding that Plaintiffs did not prove Defendant's willfulness. In fact, the presumption is that where there has been a finding that an employer violated the FLSA, as there was in this case, the court "generally *must* award a plaintiff liquidated damages that are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008)(*emphasis added*). Although an employer can rebut this presumption by establishing a good faith defense, Defendant failed to satisfy that burden here, and the Court was in no way bound by the jury's finding of an absence of willfulness. As the Eleventh Circuit has noted,

> The reconciliation point is the burden of proof, and more specifically, the differences in its placement. For the willfulness issue on which the statute of limitations turns, the burden is on the employee; for the good faith issue on which liquidated damages turns, the burden is on the employer. Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present. The result varies with the burden of proof, provided that a factfinder could conclude that the evidence on the issue is evenly balanced.

*Rodriguez,* 518 F.3d at 1274.

Here, the Court concludes that a rational jury could have found the evidence presented at trial regarding Defendant's willfulness and good faith to be evenly balanced.[10] Thus, there is no

---

[10] Contrary to Defendant's contention, the Court credited nearly all of Ms. Lampman's testimony, with the exception of one statement she made that the floor supervisors' job description was "untrue." Indeed, it was Ms. Lampman who persuaded the Court that Defendant had established the subjective component of its good faith defense. The Court's finding that Defendant's belief regarding its compliance with the FLSA was not objectively reasonable, does

inconsistency between the jury's finding and the Court's finding because "if the evidentiary needle is pointing straight up [and] neither side has carried its burden of proof, nothing has been proven." *Id.* at 1275. *See also Brandt v. Magnificent Quality Florals Corp.*, 2009 WL 899922, *3 (S.D. Fla. March 31, 2009)(jury's finding of no willfulness, did not preclude court from finding lack of good faith and awarding liquidated damages).

## **CONCLUSION**

Based on the foregoing, Defendant's Motion for Judgment as a Matter of Law, a New Trial and an order Vacating the Liquidated Damages Award (DE 152) is **DENIED.**

**DONE and ORDERED** in Chambers this 10 day of September, 2009, at West Palm Beach in the Southern District of Florida.

_____

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

not "eliminate any chance" that the evidence could be deemed evenly balanced.