UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.07-80912-Civ-Hopkins

JOHN WAJCMAN and CHARLES
ASHMORE, on behalf of themselves
and all others similarly situated,

                Plaintiffs,

v.

INVESTMENT CORPORATION OF
PALM BEACH, d/b/a/ PALM BEACH
KENNEL CLUB, a Florida Corporation,

                Defendant.
_____/

**ORDER DENYING PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT,
DISCHARGE OF BOND AND DISMISSAL WITH PREJUDICE (DE 178, 179)**

     For the reasons set forth in the Court's Order dated October 26, 2009 (DE 176), the parties' amended joint motion seeking approval of their FLSA settlement, discharge of the bond and dismissal of the case with prejudice is **DENIED.**  (DE 178, 179).

     Notwithstanding that this Court no longer has jurisdiction over the case because it is currently on appeal before the Eleventh Circuit, there is no basis for dismissal.  The Court has entered judgment in favor of Plaintiffs in accordance with the jury's verdict and the case is closed.  The parties have cited no cases where a court has approved an FLSA settlement and dismissed a lawsuit after the entry of judgment.  Therefore, the motion is denied.  *See Evans v. Mullins*, 130 F. Supp. 2d 774, 776-77 (W.D. Va. Jan. 29, 2001)(where jury found in favor of plaintiff, court noted that "[t]he fact that the parties have reached an agreement does not undermine the constitutional wrongs found by the jury;" court declined to "create a false impression to . . . the public at large that I have doubts

as to the legal validity of the jury's verdict," noting that when verdict has been reached it should not be "undone because the parties have settled at the end of the day;" such would "effectively render the trial fruitless [and] would undermine the legal process" simply because "the parties involved were displeased with the final outcome"). *See also McMellon v. United States*, 528 F. Supp. 2d 611, 614-15 (S.D. W.Va. 2007)("Once a decision is made to commit society's resources to resolving the dispute and after an opinion is issued, it is more appropriate to think of the judgment as part of society's rules. Final judgments are legal truths that, once spoken, ought not be trivialized by converting them into bargaining chips.").[1]

**DONE and ORDERED** in Chambers this 30 day of October, 2009 at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record

---

[1] Plaintiffs shall file a response to Defendant's Motion to Stay the Execution of the Final Judgment and Attorney's Fee Award (DE 171) by **November 4, 2009.**